UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUSIDA BLIDGEN, *Individually as Parent and Guardian of her Children, Minors 1-5, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF BRAINTREE, et al.,<br><br>Defendants. | Civil Action No. 25-12302-MJJ |

**MEMORANDUM AND ORDER**

October 16, 2025

**JOUN, D.J.**

Eusida Blidgen ("Ms. Blidgen"), who is representing herself, brings this action individually and as parent and guardian of her five minor children, alleging that that the Town of Braintree (including the Braintree Police Department) failed to properly investigate and preserve evidence of an alleged assault on two of her minor children at Braintree High School by another student. With her complaint, Ms. Blidgen filed a motion for leave to proceed *in forma pauperis*. Three weeks after filing her complaint, Ms. Blidgen filed a motion for reasonable accommodations and two motions for emergency relief. Upon review of Ms. Blidgen's filings, the Court GRANTS the motion for leave to proceed *in forma pauperis*, DENIES the motion for reasonable accommodations, and DENIES the motions for emergency relief. The Court also directs Ms. Blidgen to file an amended complaint if she wishes to proceed with this action.

I.   **Motion for Leave to Proceed** *in Forma Pauperis*

In her motion for leave to proceed *in forma pauperis* [Doc. No. 2], Ms. Blidgen did not thoroughly identify the nature and amount of her monthly living expenses, or the funds used to pay those expenses. However, based on Ms. Blidgen's representation that she is the recipient of need-based public assistance, in this instance the Court <u>GRANTS</u> the motion.

II.   **Screening of the Complaint**

Because Ms. Blidgen is proceeding *in forma pauperis*, her Complaint is subject to a preliminary screening under 28 U.S.C.§ 1915(e)(2), which authorizes a federal court dismiss an action in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes Ms. Blidgen's complaint because she is proceeding *in forma pauperis*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A.   **Statement of the Claim**

According to Ms. Blidgen, on June 10, 2025, two of her minor children were assaulted by another student in the cafeteria by another student, who used "fists, feet, and a cell phone as a weapon." [Doc. No. 1 at 1]. Ms. Blidgen alleges that "[t]he assault was captured on multiple videos from different angles, clearly showing the aggressor," and "caused visible injuries . . . and symptoms consistent with concussion." [*Id.*]. Ms. Blidgen further alleges that "Braintree Police officers failed to take complete or accurate statements," and, that when Ms. Blidgen contacted the Braintree Police to "update them on [her children's] worsening injuries," the information was not added to the police report concerning the incident. [*Id.* at 1–2]. Ms. Blidgen asserts that "[t]he police report was incomplete, inaccurate, and misleading, contradicting what is shown in

multiple video recordings." [*Id.* at 2]. Ms. Blidgen claims that "[s]chool officials and police appeared to coordinate their response, minimizing the incident as a disciplinary matter rather than a criminal assault," and that "the case was not referred to the Norfolk County District Attorney despite clear evidence of assault with a dangerous weapon (cell phone)." [*Id.* at 1–2]. Ms. Blidgen maintains that "[p]olice have engaged in a pattern of suppressing or ignoring valid complaints involving the Blidgen family, raising concerns of bias and retaliation." [*Id.* at 2].

> The Complaint is in four counts:
>
> Count I – Fourteenth Amendment: Substantive Due Process (Failure to Protect)
> Defendants failed to protect minor victims from known risks of harm and failed respond appropriately after the assault.
>
> Count II – Equal Protection (42 U.S.C. §1983)
> Defendants denied Plaintiffs equal protection by failing to pursue criminal charges and ignoring evidence of violent assault.
>
> Count III – First Amendment Retaliation
> To the extent Defendants downplayed or ignored the incident because of Plaintiff's protected advocacy and complaints, this constitutes unlawful retaliation.
>
> Count IV—Negligence and Gross Negligence
> Defendants breached their duty to investigate crimes, protect minors, and accurately report assaults, causing further harm.

[*Id.*].

### B. Discussion

#### 1. Braintree Police Department

The Braintree Police Department shall be dismissed as a defendant because it is not a suable entity separate from the Town of Braintree. *See, e.g.*, *Dwan v. City of Boston*, 329 F.3d 275, 278 n.1 (1st Cir. 2003) (noting that the City of Boston had been substituted as a defendant for the Boston Police Department because the police department "is not a suable entity"); *Bettencourt v. Town of Mendon*, 334 F. Supp. 3d 468, 475 n.1 (D. Mass. 2018) (dismissing

claims against the Mendon Police Department because "it is not an entity separate from the Town"). The Court construes the claims against the Braintree Police Department as being asserted against the Town of Braintree.

### 2.     Ms. Blidgen Cannot Represent Her Children

At this juncture, the Court will consider the sufficiency of the complaint only with reference to the claims that Ms. Blidgen may bring for violations of *her* rights, rather than the rights of her children. This is because Ms. Blidgen cannot represent her children in this action. Federal law provides that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although this statute persons to represent themselves, it does not allow unlicensed laypersons to represent co-plaintiffs or any other individuals. *See O'Diah v. Volkswagen of Amer., Inc.*, 91 Fed. App'x 159, 160 (1st Cir. 2004) (per curiam) ("We have interpreted [28 U.S.C. § 1654] as barring a non-lawyer from representing anyone but himself."). This is true even when the unrepresented injured party is a minor or incompetent.[1] *See id.* ("[E]ven assuming that [plaintiff] is incompetent and needed a representative, such as his father, to sue on his behalf . . . his father would still need to be represented by an attorney."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir.1990) (holding that non-attorney parent must be represented by counsel when bringing an action on behalf of his minor child).

### 3.     Counts I, II, and IV

Count I and II do not state a claim for relief by Ms. Blidgen because any constitutional rights implicated in those Counts would only be those of her children, rather than of Ms. Blidgen

---

[1] Minors and incompetent persons may sue only through a duly appointed representative, next friend, or guardian ad litem. *See* Fed. R. Civ. P. 17(c).

4

herself.[2] Count IV does not state a claim for relief by Ms. Blidgen. A claim for negligence is based on a defendant's breach of a duty of care owed to the plaintiff. *See Rafferty v. Merck & Co., Inc.*, 479 Mass. 141, 147 ("To recover for negligence, a plaintiff must show 'the existence of an act or omission in violation of a . . . owed to the plaintiff[ ] by the defendant.'" (alteration in original) (quoting *Cottam v. CVS Pharmacy*, 436 Mass. 316, 320 (2002))). Even assuming that, under Massachusetts law, the Braintree Police Department had a duty of care "to investigate crimes, protect minors, and accurately report assaults," under the alleged facts, any such duty of care was owed to Ms. Blidgen's minor children rather than to herself. *Cf. Felder v. Children's Hosp. Corp.*, 97 Mass. App. Ct. 620, 628-29 (2020) (rejecting parent's argument that, because a physician was treating her minor child, the physician had a duty to the parent).

    **4.    Count III**

Count III does not state a claim for relief by Ms. Blidgen has not plausibly pled that the Town of Braintree unlawfully retaliated against her. To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

---

[2] Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In addition, "[t]he failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved.'" *Williams v. City of* Boston, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (quoting *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985)).

plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Here, the complaint does not sufficient factual content that allows the Court to draw a reasonable inference any member of the Braintree Police Department retaliated against her. The only "protected advocacy and complaints" sufficiently identified in the complaint are those she made concerning the investigation into and handling of the alleged June 10, 2025 on her children. At best, these allegations present only a "sheer possibility" of misconduct by any Braintree police officer. In other words, Ms. Blidgen has not plausibly pled that any officer of the Braintree Police refused to take certain actions on the handling of the assault simply because the officer wanted to retaliate against Ms. Blidgen for insisting that they take such actions.

In addition, a municipality may be liable under § 42 U.S.C. § 1983 only when its "official policy, 'causes' an employee to violated another's constitutional right." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)) (quoting 42 U.S.C. § 1983). "Municipalities are responsible only for their own unconstitutional acts,' and 'are not vicariously liable ... for the actions of their non-policymaking employees." *Cosenza v. City of Worcester*, MA, 120 F.4th 30, 38 (1st Cir. 2024) (alteration in original) (quoting *Bannon v. Godin*, 99 F.4th 63, 88 (1st Cir. 2024). "Instead, a plaintiff 'must prove that action pursuant to official municipal policy caused their injury.'" *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). "Such policies 'include[ ] the decisions of a government's lawmakers, the acts of its policymaking officials, and

practices so persistent and widespread as to practically have the force of law.'" *Id.* (alteration in original) (quoting *Connick*, 563 U.S. at 60). Here, Ms. Blidgen does not plausibly plead that the execution of a policy or custom of the Town of Braintree was the "'moving force' behind the employee's constitutional violation." *Salvidar v. Racine*, 818 F.3d 14, 20 (quoting *Monell*, 436 U.S. at 691).

### III.    Motion for Reasonable Accommodations

In her Motion for Reasonable Accommodations ("ADA"), Ms. Blidgen asks "for reasonable accommodations pursuant to Title II of the Americans with Disabilities Act . . . and Section 504 of the Rehabilitation Act, in order to ensure meaningful participation in these proceedings." [Doc. No. 4]. Ms. Blidgen represents that she "has a documented learning disability that substantially limits her ability to process, certain, and recall complex spoken and written information in real time." [*Id.* at 1]. She asks that this Court provide "permission to record," "expedited written transcripts," "use of assistive technology," "periodic breaks," "extended time for deadlines," "plain-language explanations," "written summaries of deadlines," and "support person/advocate." [*Id.* 1].

The Court DENIES the motion without prejudice because, as set forth below, neither Title II of the Americans With Disabilities Act ("ADA") nor Section 504 of the Rehabilitation Act apply to federal courts. Notwithstanding, should this case go forward, Ms. Blidgen may, by motion, ask for relief based on her learning disability.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities *of a public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). The statute defines "public entity" to include "any

7

State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government." 42 U.S.C. § 12131(1). The definition of a "public entity" does not include the federal government.

Similarly, Section 504 of the Rehabilitation provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under *any program or activity* receiving Federal financial assistance or under *any program or activity* conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a) (emphasis added). The federals court are not a "program or activity" receiving "[f]ederal financial assistance," or a "program or activity conducted by [an] Executive agency or by the United States Postal Service."

## IV.   Motion for Emergency Relief, Denial of Records, Negligence, and Retaliation

Ms. Blidgen's "Motion for Emergency Relief: Denial of Records, Negligence, and Retaliation" concerns her rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*. [Doc. No. 5]. Ms. Blidgen claims that, in September 2025, Braintree Public Schools refused to provide her the educational records of her minor daughter prior to a meeting scheduled to discuss an individualized education program so that her daughter may receive a free appropriate public education.

The motion is DENIED. The "IDEA grants parents independent, enforceable rights." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007). However, if Ms. Blidgen wishes to assert a claim based on an actionable procedural violation of the IDEA, she must first comply with the IDEA's administrative exhaustion requirement. See 20 U.S.C. § 1415(f)(3)(E)(ii) (providing that a procedural violation of the IDEA which "significantly

impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child" is actionable); T.R. v. Sch. Dist. of Philadelphia, 4 F.4th 179 (2021) (holding that, to the extent a procedural violation of the IDEA is actionable, a plaintiff must exhaust administrative remedies before filing a lawsuit).

**V.       Motion for Emergency Relief**

In her Motion for Emergency Relief, Ms. Blidgen "seeks protection for Plaintiff and her children from ongoing harm, retaliation, and systemic misreporting by the Braintree Police Department." [Doc. No. 6 at 1]. The relief Ms. Blidgen seeks is based almost exclusively on injuries to her children, and, as set forth above, she cannot represent her children. In addition, Ms. Blidgen does not sufficiently allege specific facts supporting her assertion Braintree police officers unlawfully retaliated against her for advocating for her children.

**VI.      Conclusion**

In accordance with the foregoing, the Court hereby orders:

1. The Braintree Police Department is DISMISSED as a party to this action. Any claims against the Braintree Police Department shall be construed as claims against the Town of Braintree.

2. The motion for leave to proceed *in forma pauperis* is GRANTED.

3. The motion for reasonable accommodations is DENIED.

4. The motions for emergency relief [Doc. No. 5, 6] are DENIED.

5. If Ms. Blidgen wishes to pursue this action, she must, within twenty-eight (28) days of the date of this order, file an amended complaint which states a claim upon which relief may be granted, keeping in mind that (1) she cannot represent her children; and (2) she cannot

bring a claim under the IDEA without first exhausting her administrative remedies. Failure to timely file an amended complaint may result in dismissal of this action.

SO ORDERED.

       /s/ Myong J. Joun           
United States District Judge